PER CURIAM.
Williams appeals an order withholding adjudication of guilt and placing him on three years probation for carrying a concealed weapon. He contends that the trial court refused to accept a proffer of his testimony at the hearing on his motion to suppress. We have reviewed the statements at the suppression hearing and find no error. Had appellant’s trial attorney made a sufficient proffer of his client’s testimony or had it been made clear on the record that appellant was prepared to present evidence of even the slightest relevance, a different result may have been necessary.
While we find no error, we feel compelled to point out a misstatement. The judge at the hearing, who was not Judge Swigert, said: “All we [meaning the state] have to do is present enough evidence to show that the seizure of the evidence was sufficient, and we don’t have to have a full discovery or a full trial on this.” This statement is not correct. An accused always has a right to present relevant evidence at a suppression hearing. If he is denied that right and adequately protects the record either with a proffer of relevant evidence or a showing he was denied the proffer, then we can remedy the error. Neither showing is in this record.
DAUKSCH, C. J., ORFINGER, and UP-CHURCH, FRANK, D., Jr., JJ., concur.